CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 03 2007

JOHN F. CORCORAN, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KIMBERLY A. SCHOCK, <br>     Plaintiff <br> v. <br><br> S.C. JOHNSON & SON, INC., <br>     Defendant. | Case No. 6:06CV020 <br><br><br><br> By: Hon. Michael F. Urbanski <br>     United States Magistrate Judge |

## MEMORANDUM OPINION

This matter is before the court on the motion by plaintiff's counsel, Philip B. Baker and J. Scott Sexton ("Petitioners") to withdraw as counsel for plaintiff Kimberly A. Schock ("Schock"), and defendant S.C. Johnson & Son, Inc.'s ("Johnson") motion to compel and for costs associated with plaintiff's delays and failures to provide initial disclosures under Rule 26 of the Federal Rules of Civil Procedure. The court heard argument on the motions on July 3, 2007, and after consideration of certain subsequent filings, the case is now ripe for decision.

### I.

More than two years after undertaking representation of plaintiff in this case, Petitioners now contend that they are unable to remain in the case as counsel, citing their obligations under Rule 11 and as officers of the court. At the hearing on July 3, 2007, Baker stated that he got involved with the case in late 2004, and associated J. Scott Sexton of Gentry, Locke, Rakes & Moore in Roanoke as he had no background experience in patent or trademark issues. It appears that Baker undertook representation of Schock sometime prior to September 15, 2004, and that Sexton was associated during September, 2004. Schock executed a written fee agreement with

Sexton's firm on September 16, 2004. Shortly thereafter, on September 21, 2004, Baker and Sexton, on behalf of Schock, filed suit against Johnson in the Circuit Court for the City of Lynchburg. Baker represented that suit was filed at that time due to concerns over the running of the applicable statute of limitations. One year later, on October 10, 2005, the case was nonsuited. Within six months following the nonsuit, on April 11, 2006, Baker and Sexton again filed suit against Johnson in the Lynchburg Circuit Court, alleging claims of breach of contract, misappropriation, conversion, fraud and unjust enrichment. The crux of the suit is Schock's claim that Johnson has wrongfully taken her idea for Windex wipes. This suit was served on Johnson, and was removed to federal court in May, 2006, where it has since languished. After review of certain information produced by Johnson, Petitioners assert that they have evaluated the case and need to withdraw from further representation given their evaluation and assessment and in light of their obligations as officers of the court.

In response to questions from the court, Shock stated that she understood that her counsel wanted to withdraw, but that she would prefer that they stay on and represent her. Shock stated that she needs an attorney, but felt that she could not force them to represent her. Shock stated that she wants her day in court, has not made any efforts to hire another attorney and does not know what she will do if the court grants the motion to withdraw.

Johnson did not object to the motion to withdraw, except to the extent it may cause some delay in the trial of this matter, which is set for November 2007. For the reasons set forth in this memorandum opinion, the counsel's motion to withdraw is **DENIED**.

## II.

In determining whether a motion to withdraw should be granted, the court must consider whether the Virginia Rules of Professional Conduct would allow for withdrawal under the

2

Case 6:06-cv-00020-mfu-mfu   Document 30   Filed 08/03/07   Page 2 of 6   Pageid#: 147

circumstances. Diedrich v. City of Newport News, Virginia, No. Civ. A. 4:04CV9, 2004 WL 3436073, at * 2 (E.D. Va. Nov. 29, 2004) (citing Va. Rules of Prof'l Conduct R. 1.16), aff'd, 126 Fed. Appx 112 (4th Cir. 2005). Additionally, the court may consider the disruptive impact granting the withdrawal will have on the client and her prosecution of the case. Patterson v. Gemini Org., Ltd., No. 99-1537, 2000 WL 1718542, at * 2 (4th Cir. 2000). Absent compelling grounds for withdrawal, a motion to withdraw normally should be denied. Diedrich, 2004 WL 3436073, at * 2.

Rule 1.16 of the Virginia Rules of Professional Conduct, concerning Declining or Terminating Representation, provides as follows:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
>   (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or unjust;
>
>   (2) the client has used the lawyer's services to perpetrate a crime or fraud;
>
>   (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
>
>   (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
>   (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
>   (6) other good cause for withdrawal exists.

3

>   (c)    In any court proceeding, counsel of record shall not withdraw except by leave of court after compliance with notice requirements pursuant to applicable rules of court. In any other matter, a lawyer shall continue representation notwithstanding good cause for terminating the representation, when ordered to do so by a tribunal.

Va. Rules of Prof'l Conduct R. 1.16.

There is no suggestion that counsel seeks to withdraw because the client demands that the lawyers engage in unprofessional conduct. Nor is there any hint that plaintiff has acted or intends to act illegally or unjustly in this matter. Likewise, it does not appear that counsel's services are being used to perpetrate a crime or fraud. Counsel has not contended that Schock's objective is either repugnant or imprudent. There is no suggestion that Schock has not fulfilled her responsibilities nor is it contended that the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. As such, there are no grounds for withdrawal under Rule 1.16(b)(1-5).

As there is no basis for withdrawal under the first five subsections of Rule 1.16(b), withdrawal is appropriate if "good cause for withdrawal exists," Rule 1.16(b)(6), or if it can be accomplished without "material adverse effect on the interests of the client." Rule 1.16(b). Though plaintiff stated that she was reluctant to force petitioners to represent her, she stated that she preferred counsel to remain and had not undertaken any steps to obtain replacement counsel. Counsel have represented plaintiff since September 2004; suit was first filed in state court during that month, where it remained dormant for a year before being nonsuited. Six months later, in April, 2006, counsel refiled Schock's case in Lynchburg Circuit Court, and it was removed to federal court where it has languished for more than a year. Given this history, it would be inequitable to allow withdrawal at this stage of the litigation process, and withdrawal could

4

materially affect Schock's interests. Further, granting the motion to withdraw would be disruptive to the timely resolution of this matter as the case is scheduled for trial in November. As the court noted in Diedrich, "whether there would be a significant impact of withdrawal depends upon the stage of the case at which withdrawal would occur." 2004 WL 3436073, at *2. Under the peculiar circumstances of this case, the court does not find good cause for withdrawal to exist. Given the length of the representation and the age of this lawsuit, counsel is required to see it through. See Patterson, 2000 WL 1718542, at *2 (affirming district court's denial of counsel's motion to withdraw based on a potential conflict of interest where counsel knew of the conflict when he filed the case and waited a year to seek withdrawal).

### III.

As regards the motion to compel and associated motion for costs and fees, Johnson stated that Schock's Rule 26 initial disclosures were both late and inadequate. In that regard, Johnson stated that the disclosures were scant, identifying very few documents and containing no damages information. Schock's counsel responded that they have provided all responsive documents and information of which they are aware. For her part, Schock herself added that she has provided all documentation to her attorneys and that she has done no damages estimate or calculations. As it appears that complete Rule 26 responses were not timely provided, Johnson's motion to compel is **GRANTED.**

By separate Order, Schock will be required to supplement her Rule 26 disclosures to provide full and complete information, including any damages information, within ten (10) days. As regards Johnson's motion for costs and fees, this motion is **DENIED** as it is plain from review of Plaintiff's Exhibit 1 to the hearing on July 3, 2007 that plaintiff's counsel had communicated several times with defendant to obtain documentation regarding Johnson's

5

defenses, apparently without a great deal of success. Given the apparent efforts undertaken by plaintiff's counsel over a period of years to obtain information from Johnson to no avail, it would be inequitable at this time to award monetary sanctions in favor of Johnson and against plaintiff for her delay in providing the required disclosures.

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to counsel of record.

Enter this 2nd day of August, 2007.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge

6

Case 6:06-cv-00020-mfu-mfu   Document 30   Filed 08/03/07   Page 6 of 6   Pageid#: 151